UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE LUIS LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION; et al.,<br><br>        Defendants. | 3:11-cv-0771-LRH-VPC<br><br><u>ORDER</u> |

Before the court is plaintiff Jose Luiz Lopez's ("Lopez") motion to reconsider the court's order granting defendant's motion to dismiss (Doc. #22[1]). Doc. #25.

Also before the court is defendants' motion for judgment. Doc. #24.

## I.    Facts and Procedural History

In December, 2006, Lopez purchased real property through a mortgage note and deed of trust originated by defendant Equifirst Corporation ("Equifirst"). Eventually, Lopez defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Lopez filed a complaint in state court against defendants alleging three causes of action: (1) wrongful foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #1, Exhibit 2. In response, defendant LSI Title Agency, Inc. filed a motion to dismiss (Doc. #5) which

---

[1] Refers to the court's docket entry number.

1  was granted by the court (Doc. #22). Thereafter, Lopez filed the present motion for reconsideration.
2  Doc. #25.

3  **II.     Discussion**

4    Lopez brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion
5  under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and
6  conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th
7  Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is
8  presented with newly discovered evidence, an intervening change of controlling law, manifest
9  injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United*
10 *States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v.*
11 *AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

12   In his motion, Lopez contends that the court's order dismissing his action was in error
13 because although he was still involved in a bankruptcy action, he had standing to bring his
14 underlying action when defendants received a lifting of the automatic stay. *See* Doc. #25. The court
15 disagrees.

16   Once a bankruptcy action is initiated, only the chapter 7 trustee is authorized to take action
17 on behalf of property in the bankruptcy estate. 11 U.S.C. § 704(a). Here, the chapter 7 trustee did
18 not file the present action and there is no evidence that the Lopez's causes of action have been
19 abandoned by the chapter 7 trustee. Therefore, even though the underlying property has been
20 removed from the bankruptcy estate, Lopez still does not have standing to bring this action.
21 Accordingly, the court shall deny Lopez's motion for reconsideration.

22   As to defendants' motion for judgment, the court shall deny that motion as moot. Lopez's
23 complaint has been dismissed pursuant to this court's order (Doc. #22) and this action is closed. An
24 order of judgment in favor of moving defendants is unnecessary.
25 ///
26

1  IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #25) is
2  DENIED.
3  IT IS FURTHER ORDERED that defendants' motion for judgment (Doc. #24) is DENIED
4  as moot.
5  IT IS SO ORDERED.
6  DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE